16 F.3d 412
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Xiomaro E. HERNANDEZ, Defendant-Appellant.
 No. 93-5409.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 20, 1994.
Decided Feb. 8, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.
 Shawn Moore, Washington, DC, for appellant.
 Helen F. Fahey, U.S. Atty., Jay Apperson, Asst. U.S. Atty., Alexandria, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER, WILKINS, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Xiomaro Hernandez appeals from her conviction for conspiring to distribute and to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. Sec. 846 (1988). Because we find no error, we affirm.
 
 
 2
 Hernandez complains on appeal that the district court abused its discretion when it admitted a government witness to testify concerning the circumstances surrounding her arrest. When Special Agent Frank Shroyer was questioned by the government at trial regarding why Hernandez was present at the Alexandria Jail, where she was arrested, the defense objected. Counsel contended that there was no basis of personal knowledge for an answer to the question. Although the court overruled the objection, it instructed the witness to answer only if he knew or had a basis to know the information personally. Shroyer testified that he personally knew the circumstances surrounding Hernandez's arrest. Defense counsel did not object further.
 
 
 3
 By failing to further object to Shroyer's testimony, Hernandez has forfeited review of her hearsay objection. See United States v. Olano, 61 U.S.L.W. 4421 (U.S.1993). Moreover, we perceive no plain error. Finally, even if we did review this claimed error, we note that the disputed evidence was tangential to the issues at trial, and, in light of the other persuasive evidence of guilt, its admission was clearly harmless. Fed.R.Crim.P. 52(a).
 
 
 4
 Therefore, we affirm Hernandez's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.